UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 18-CR-60256-MARTINEZ

UNITED STATES OF AMERICA,

       Plaintiff,

 v.

JOSEPH ISAIAH WOODSON, JR.,

       Defendant.

_____/

## DEFENDANT'S MOTION FOR JUDGMENT OF ACQUITTAL PURSUANT TO RULE 29 OF THE FEDERAL RULES OF CRIMINAL PROCEDURE

The defendant, Joseph Woodson, through undersigned counsel, respectfully moves for a judgment of acquittal as to Count 2 of the second superseding indictment pursuant to Rule 29 of the Federal Rules of Criminal Procedure.

### Facts Elicited During the Government's Case in Chief

During trial the government introduced numerous images of Victim 2, B.F., in Government's Exhibits 2a–h and 3a–z. All of these were still images, and some of the images depicted Victim 2's breasts or buttocks. Victim 2 identified herself in the images in Government's Exhibit 3a–z.

### Memorandum of Law

After the government closes its evidence or after the close of all the evidence, the court, on the defendant's motion, must enter a judgment of acquittal of any of-

1

fense for which the evidence is insufficient to sustain a conviction. Fed. R. Crim. P. 29. Count 2 of the second superseding indictment charges Mr. Woodson with production of child pornography in violation of 18 U.S.C. § 2251(a) and (e). The elements of production of child pornography are as follows:

> (1) an actual minor, that is, a real person who was less than 18 years old, was depicted;
>
> (2) the Defendant [employed] [used] [persuaded] [induced] [enticed] [coerced] the minor to engage in sexually explicit conduct for the purpose of producing a [visual depiction, e.g., video tape] of the conduct;
>
> (3) either (a) the Defendant knew or had reason to know that the [visual depiction, e.g., video tape] would be mailed or transported in interstate or foreign commerce; (b) the [visual depiction, e.g., video tape] was produced using materials that had been mailed, shipped, or transported in interstate or foreign commerce by any means, including by computer; or (c) the [visual depiction, e.g., video tape] was mailed or actually transported in interstate or foreign commerce.

*See* Pattern Crim. Jury Instr. 11th Cir. O82 (2019). In this case, Mr. Woodson submits that the government has offered insufficient evidence that Victim 2, who is named in Count 2 of the indictment, engaged in sexually explicit conduct.

The Eleventh Circuit Pattern Jury instructions define sexually explicit conduct in the context of 18 U.S.C. § 2251(a):

> The term 'sexually explicit conduct' means actual or simulated:
>
> - sexual intercourse, including genital-genital, oral-genital, anal-genital, or oral-anal, whether between persons of the same or opposite sex;
> - bestiality;
> - masturbation;
> - sadistic or masochistic abuse; or
> - lascivious exhibition of the genitals or pubic area of any person.

'Lascivious exhibition' means indecent exposure of the genitals or pubic area, usually to incite lust. Not every exposure is a lascivious exhibition.

To decide whether a visual depiction is a lascivious exhibition, you must consider the context and setting in which the genitalia or pubic area is being displayed. Factors you may consider include:

- the overall content of the material;
- whether the focal point of the visual depiction is on the minor's genitalia or pubic area;
- whether the setting of the depiction appears to be sexually inviting or suggestive — for example, in a location or in a pose associated with sexual activity;
- whether the minor appears to be displayed in an unnatural pose or in inappropriate attire;
- whether the minor is partially clothed or nude;
- whether the depiction appears to convey sexual coyness or an apparent willingness to engage in sexual activity; and
- whether the depiction appears to have been designed to elicit a sexual response in the viewer.

*Id.* In this case, the images of Victim 2 are of her breasts or buttocks. Such imagery has repeatedly been held not to constitute sexually explicit conduct. *United States v. Johnson*, 639 F.3d 433, 438 (8th Cir. 2011) ("Images or exhibitions of female breasts and the buttocks of either gender are not within the purview of § 2251(a)"); *United States v. Steen*, 634 F.3d 822, 830 (5th Cir. 2011) ("The statute's definition of sexually explicit conduct includes a "lascivious exhibition of the genitals or pubic area"— not a lascivious exhibition of winter coats, children's faces, or even breasts, but a lascivious exhibition of the pubic area."); *United States v. McGrattan*, 504 F.3d 608, 613 (6th Cir. 2007) ("video depicting certain exhibitions of nude breasts or buttocks

might be lewd, [but does not meet] the federal requirement of exhibiting the genitals or pubic area."); *see also United States v. Isabella*, 918 F.3d 816, 837 (10th Cir. 2019) (recognizing that a picture of a girl's torso was not child pornography).

Based on the foregoing facts, legal authorities, and arguments, the Court should grant Defendant Joseph Woodson's motion for judgment of acquittal as to Count 2 of the second superseding indictment pursuant to Rule 29 of the Federal Rules of Criminal Procedure.

    Respectfully submitted,

    MICHAEL CARUSO
    FEDERAL PUBLIC DEFENDER

BY:   *s/Clea Weiss*
    Clea Weiss
    Assistant Federal Public Defender
    Florida Special A No. A5502485
    150 West Flagler Street
    Suite 1700
    Miami, Florida 33130
    Tel: (305) 530-7000
    E-Mail Address: Clea_Weiss@fd.org

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on September 26, 2019 undersigned counsel electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties, either via transmission of Notice of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notice of Electronic Filing.

                                                */s/ Clea Weiss*
                                                Clea Weiss