USDC FLSD 245B (Rev. 09/08) - Judgment in a Criminal Case　　　　　　　　　　　　　　　　　　　　　Page 1 of 7

# UNITED STATES DISTRICT COURT
## Southern District of Florida
### Miami Division

**UNITED STATES OF AMERICA**
v.
**JOSEPH ISAIAH WOODSON**
Date of Original Judgment: 1/23/2020
Reason for Amendment: Scriveners error as to the date of the Judgement only.
Reason for Second Amendment: Restitution
Reason for Third Amendment: Scriveners error

**THIRD AMENDED JUDGMENT IN A CRIMINAL CASE**

Case Number: **18-60256-CR-MARTINEZ**
USM Number: **92637-083**

Counsel For Defendant: **Kathleen Mollison, Elizabeth Blair**
Counsel For The United States: **Jodi Anton, Francis Viamontes**
Court Reporter: **Dawn Savino (Whitmarsh)**

**The defendant was found guilty on count(s) 1, 2, 3, 4, 5, 6 of the indictment.**

The defendant is adjudicated guilty of these offenses:

| TITLE & SECTION | NATURE OF OFFENSE | OFFENSE ENDED | COUNT |
|---|---|---|---|
| Title 18, U.S.C. §§ 2251(a) and (e) | Production of child Pornography | 09/24/2018 | 1-3 |
| Title 18 U.S.C. §§ 2252(a)(2) and (b)(1) | Distribution of Child Pornography | 09/24/2018 | 4 |
| Title 18 U.S.C. § 875(d) | Sending Extortionate Interstate Communications | 09/24/2018 | 5 |
| Title 18 U.S.C. § 371 | Conspiracy to Send Extortionate Interstate Communications | 09/24/2018 | 6 |

The defendant is sentenced as provided in the following pages of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

It is ordered that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

Date of Imposition of Sentence: **1/23/2020**

Jose E. Martinez
United States District Judge

Date: 6/11/2020

DEFENDANT: **JOSEPH ISAIAH WOODSON**
CASE NUMBER: **18-60256-CR-MARTINEZ**

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of **600 months, which is 360 months as to each Counts 1-3, 24 months as to Count 5, 60 months as to Count 6, all to run concurrently, and 240 months as to Count 4 to be served consecutively.**

**The court makes the following recommendations to the Bureau of Prisons: The Court recommends that the defendant be screened by the Bureau of Prisons to assess which facility would be the best place for him to address his problems. Or, the defendant shall be assigned to a facility as close to the Southern District of Florida as possible commensurate with his background and the offense of which he stands convicted.**

**The defendant is remanded to the custody of the United States Marshal.**

## RETURN

I have executed this judgment as follows:

_____
_____
_____
_____
_____
_____

Defendant delivered on _____ to _____

at _____, with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

_____
DEPUTY UNITED STATES MARSHAL

DEFENDANT: **JOSEPH ISAIAH WOODSON**
CASE NUMBER: **18-60256-CR-MARTINEZ**

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of **Life**.

The defendant must report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state or local crime.

The defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.

**The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon.**

**The defendant shall comply with the requirements of the Sex Offender Registration and Notification Act (42 U.S.C. § 16901, et seq.) as directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in which he resides, works, is a student, or was convicted of a qualifying offense.**

**The defendant shall cooperate in the collection of DNA as directed by the probation officer.**

**The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse.**

If this judgment imposes a fine or restitution, it is a condition of supervised release that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.

The defendant must comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached page.

## STANDARD CONDITIONS OF SUPERVISION

1. The defendant shall not leave the judicial district without the permission of the court or probation officer;
2. The defendant shall report to the probation officer and shall submit a truthful and complete written report within the first fifteen days of each month;
3. The defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
4. The defendant shall support his or her dependents and meet other family responsibilities;
5. The defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;
6. The defendant shall notify the probation officer at least ten days prior to any change in residence or employment;
7. The defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;
8. The defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9. The defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;
10. The defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;
11. The defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
12. The defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court; and
13. As directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

DEFENDANT: **JOSEPH ISAIAH WOODSON**
CASE NUMBER: **18-60256-CR-MARTINEZ**

## SPECIAL CONDITIONS OF SUPERVISION

Adam Walsh Act Search Condition - The defendant shall submit to the U.S. Probation Officer conducting periodic unannounced searches of the defendant's person, property, house, residence, vehicles, papers, computer(s), other electronic communication or data storage devices or media, include retrieval and copying of all data from the computer(s) and any internal or external peripherals and effects at any time, with or without warrant by any law enforcement or probation officer with reasonable suspicion concerning unlawful conduct or a violation of a condition of probation or supervised release. The search may include the retrieval and copying of all data from the computer(s) and any internal or external peripherals to ensure compliance with other supervision conditions and/or removal of such equipment for the purpose of conducting a more thorough inspection; and to have installed on the defendant's computer(s), at the defendant's expense, any hardware or software systems to monitor the defendant's computer use.

Computer Possession Restriction - The defendant shall not possess or use any computer; except that the defendant may, with the prior approval of the Court, use a computer in connection with authorized employment.

Data Encryption Restriction - The defendant shall not possess or use any data encryption technique or program.

Employer Computer Restriction Disclosure - The defendant shall permit third party disclosure to any employer or potential employer, concerning any computer-related restrictions that are imposed upon the defendant.

No Contact with Minors - The defendant shall have no personal, mail, telephone, or computer contact with children/minors under the age of ____ or with the victim.

No Contact with Minors in Employment - The defendant shall not be employed in a job requiring contact with children under the age of ____ or with the victim.

No Involvement in Youth Organizations - The defendant shall not be involved in any children's or youth organization.

No New Debt Restriction - The defendant shall not apply for, solicit or incur any further debt, included but not limited to loans, lines of credit or credit card charges, either as a principal or cosigner, as an individual or through any corporate entity, without first obtaining permission from the United States Probation Officer.

Restricted from Possession of Sexual Materials - The defendant shall not buy, sell, exchange, possess, trade, or produce visual depictions of minors or adults engaged in sexually explicit conduct. The defendant shall not correspond or communicate in person, by mail, telephone, or computer, with individuals or companies offering to buy, sell, trade, exchange, or produce visual depictions of minors or adults engaged in sexually explicit conduct.

Self-Employment Restriction - The defendant shall obtain prior written approval from the Court before entering into any self-employment.

Sex Offender Registration - The defendant shall comply with the requirements of the Sex Offender Registration and Notification Act (42 U.S.C. § 16901, et seq.) as directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in which he or she resides, works, is a student, or was convicted of a qualifying offense.

Sex Offender Treatment - The defendant shall participate in a sex offender treatment program to include psychological testing and polygraph examination. Participation may include inpatient/outpatient treatment, if deemed necessary by the treatment provider. The defendant will contribute to the costs of services rendered (co-payment) based on ability to pay or availability of third party payment.

Unpaid Restitution, Fines, or Special Assessments - If the defendant has any unpaid amount of restitution, fines, or special assessments, the defendant shall notify the probation officer of any material change in the defendant's economic circumstances that might affect the defendant's ability to pay.

DEFENDANT: **JOSEPH ISAIAH WOODSON**
CASE NUMBER: **18-60256-CR-MARTINEZ**

## CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments on Sheet 7.

|        | Assessment | Fine   | Restitution |
|--------|------------|--------|-------------|
| TOTALS | $600.00    | $0.00  | $18,773.00  |

Additional JVTA Assessment of $5,000.00 as to each Count(s) One through Four, for a total of $20,000.00 pursuant to 18 U.S.C. § 3014(a)(1).

The determination of restitution is deferred until March 30, 2020 at 1:00 PM. An Amended Judgment in the Criminal Case (AO 245C) will be entered after such determination.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| NAME OF PAYEE   | TOTAL LOSS* | RESTITUTION ORDERED |
|-----------------|-------------|---------------------|
| See Victims List| $18,773.00  | $18,773.00          |

Restitution with Imprisonment – It is further ordered that the defendant shall pay restitution in the amount that shall be determined on June 2, 2020 at 3:00 PM. During the period of incarceration, payment shall be made as follows: (1) if the defendant earns wages in a Federal Prison Industries (UNICOR) job, then the defendant must pay 50% of wages earned toward the financial obligations imposed by this Judgment in a Criminal Case; (2) if the defendant does not work in a UNICOR job, then the defendant must pay a minimum of $25.00 per quarter toward the financial obligations imposed in this order. Upon release of incarceration, the defendant shall pay restitution at the rate of 10% of monthly gross earnings, until such time as the court may alter that payment schedule in the interest of justice. The U.S. Bureau of Prisons, U.S. Probation Office and U.S. Attorney's Office shall monitor the payment of restitution and report to the court any material change in the defendant's ability to pay. These payments do not preclude the governments from using other assets or income of the defendant to satisfy the restitution obligations.

* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

**Assessment due immediately unless otherwise ordered by the Court.

DEFENDANT: **JOSEPH ISAIAH WOODSON**
CASE NUMBER: **18-60256-CR-MARTINEZ**

## SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties is due as follows:

    **A. Lump sum payment of $600.00 due immediately.**

    **B. JVTA Assessment of $5,000.00, as to each Count(s) One through Four, for a total of $20,000.00 pursuant to 18 U.S.C. § 3014(a)(1).**

    **C. Payment to begin immediately.**

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

This assessment/fine/restitution is payable to the CLERK, UNITED STATES COURTS and is to be addressed to:

**U.S. CLERK'S OFFICE**
**ATTN: FINANCIAL SECTION**
**400 NORTH MIAMI AVENUE, ROOM 08N09**
**MIAMI, FLORIDA 33128-7716**

The assessment/fine/restitution is payable immediately. The U.S. Bureau of Prisons, U.S. Probation Office and the U.S. Attorney's Office are responsible for the enforcement of this order.

Defendant and Co-Defendant Names and Case Numbers (including defendant number), Total Amount, Joint and Several Amount, and corresponding payee, if appropriate.

| **CASE NUMBER**<br>**DEFENDANT AND CO-DEFENDANT NAMES**<br>**(INCLUDING DEFENDANT NUMBER)** | **TOTAL AMOUNT** | **JOINT AND SEVERAL AMOUNT** |
|---|---|---|
| | | |

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) fine interest, (6) community restitution, (7) penalties, and (8) costs, including cost of prosecution and court costs.